OPINION
{¶ 1} This is an appeal from the judgment of the Putnam County Court of Common Pleas, which sentenced, Defendant-appellant, Steven McClure (McClure), to five years in prison for Gross Sexual Imposition.
 {¶ 2} On February 6, 2003, Maria Chasco notified police that McClure had sexually touched their eight-year-old daughter while she was home sick from school. McClure was indicted on that day and charged with Gross Sexual Imposition, under R.C. 2907.05(A)(4), a felony of the third degree. McClure admitted that he had touched his daughter in the vaginal area through her clothes and also rubbed his penis on her buttocks through her clothes. His daughter, on the other hand, told police that McClure had sex with her and put his penis "in her butt and in her front." Additionally, a subsequent, physical exam of the victim revealed that she had vaginal scarring consistent with past injury which indicates likely sexual abuse. Furthermore, a DNA analysis of the victim's clothes revealed semen which could not be excluded as McClure's and the victim told an investigating officer that "she had seen white stuff come out of his thing."
 {¶ 3} On March 18, 2003, McClure plead guilty to one count of Gross Sexual Imposition. On April 10, 2003, a sentencing hearing was held and a pre-sentence investigation (PSI) was ordered. The PSI revealed that Chasco's niece had also made allegations that McClure had had sex with her on two different occasions when she was twelve or thirteen years old and living with Chasco and McClure. A Victim Impact Summary was completed by Chasco on behalf of her daughter which stated that even though her daughter was in counseling, "she has problems in school, frequently claiming to be too sick to attend, increased conflicts with her siblings and suffers from shame and embarrassment." After reviewing the record, oral statements at the hearing, the victim impact statements and PSI, the trial court sentenced McClure to the maximum sentence of five years, finding that McClure committed the worst form of the offense.
 {¶ 4} McClure now appeals asserting a single assignment of error.
The trial court's finding that the maximum sentence is not supported and such sentence must be vacated as a matter of law, based on the abuse of discretion of the trial court judge.
 {¶ 5} In reviewing a felony sentence, an "appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing" if it finds by clear and convincing evidence
(1) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division E(4) of section2929.14, or division (H) of section 2929.20 of the revised code, whichever if any is relevant; [or]
(2)That the sentence is otherwise contrary to law.
R.C. 2953.08(G)(2). Moreover, the trial court is in the best position to make the fact-intensive evaluations required by the sentencing statutes as the trial court has the best opportunity to examine the demeanor of the defendant and evaluate the impact of the crime on the victim and society. State v. Martin (1999), 136 Ohio App.3d 355, 361.
 {¶ 6} The general purpose of sentencing is to punish the offender and to protect the public from future offenses. R.C. 2929.11. Furthermore, the sentence should not be demeaning to the seriousness of the offender's conduct and its impact on the victim and consistent with that given to similar crimes committed by similar offenders. R.C. 2929.11. Accordingly, when sentencing a defendant who has been convicted of a felony, the trial court must evaluate the factors set forth in 2929.12(B) and (C) relating to the "seriousness of the conduct" and the factors set forth in 2929.12(D) and (E) relating to the "likelihood of the offender's recidivism." To determine whether these factors are present, the trial court may examine the record, the testimony from any witnesses at the hearing and a PSI, if one is prepared. R.C. 2929.19(B)(1).
 {¶ 7} R.C. 2929.14 provides that an offender who commits a felony of the third degree may be sentenced from one to five years in prison. Accordingly, the court may sentence the offender to more than the minimum prison term if it finds that the seriousness of the offender's conduct would be demeaned or that the public would not be adequately protected. R.C. 2929.14(B)(2). The trial court may only sentence the offender to the longest term if it finds that the defendant is a person who "committed the worst forms of the offense [or] * * * who pose[s] the greatest likelihood of committing future crimes." R.C. 2929.14(C). See also Statev. Cosgrove (May 8, 2001), Auglaize App. No. 2-2000-33, unreported (allowing sentence to stand when record supports "the greatest likelihood of the committing future crimes" but fails to support the "worst form of the offense."). Moreover, the court must also give reasons for its findings on the record for sentencing an offender to the maximum term as listed in R.C. 2929.14(C). R.C. 2929.19(B)(2)(d); see, also, State v.Edmondson (1999), 86 Ohio St.3d 324 (finding that R.C. 2929.14(C) and2929.19(B)(2)(d) prevent a court from imposing a maximum sentence unless the court records findings that gives its reasons for selecting the maximum sentence.).
 {¶ 8} In evaluating whether R.C. 2929.14(B)(2) and (C) have been satisfied, the trial court should look to the factors laid out in R.C.2929.12(B), (C), (D) and (E). Martin, 136 Ohio App.3d at 362. Accordingly, the sentencing court may use its discretion, utilizing its own personal judgment, to assign the weight given to each particular statutory factor. State v. Arnett (2000), 88 Ohio St.3d 208, 215-216.
 {¶ 9} McClure argues that no evidence or testimony was presented at the sentencing hearing to support the trial courts findings under R.C. 2929.12 to in turn support a maximum sentence under R.C. 2929.14(C). Specifically, McClure argues that there was no evidence presented that the victim suffered psychological harm, that McClure showed no genuine remorse, or that he posed the greatest likelihood of committing similar criminal sexual behavior. We do not agree. While we do not feel that any extrinsic evidence is needed to show psychological harm when a father has vaginal and anal intercourse with his eight year old daughter, the trial court's finding was supported as a victim impact statement was submitted reflecting numerous psychological difficulties that the victim has experienced since the incident. Additionally, the trial court's finding that McClure has no genuine remorse was supported by the record as McClure has continued to deny the facts of this case as were shown by medical and DNA reports and victim statements. Moreover, R.C. 2929.12(D)(2) factor relating to the offenders likelihood of recidivating involves the offenders history of criminal convictions not sexual criminal convictions. Consequently, the trial court's finding that McClure has a likelihood of recidivating is supported as the trial court cited each of McClure's seventeen prior convictions on the record.
 {¶ 10} Finally, we would note the following statements made by the trial court to McClure during sentencing,
Well, it's difficult for me to believe that you have any love for this child, Mr. McClure. And it actually disgusts me that you would profess that in this courtroom. The statement that I have in front of me leads me to the conclusion that you had anal intercourse with her that you had vaginal intercourse with her, and that you're the one that's not telling the truth here today. It's the Court's view that this case was not well-prosecuted, that you should have been indicted for rape. That it looks like to the Court that it was a rape offense, the elements of a rape offense of an individual who is under the age of 13, and in Ohio when there is a forcible rape of under the age of 13, that carries with it an automatic life imprisonment. It appears to the Court that the elements of this offense are far more aggregious [sic] than what the Court would be sentencing you to for today.
 {¶ 11} Under the circumstances in this case and the findings made on the record, we cannot find by clear and convincing evidence that the trial court erred when it found that McClure committed the worst form of the offense and sentenced him to the maximum of five years in prison. Consequently, McClure's assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
WALTERS and CUPP, JJ., concur.